1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

TI, LIMITED,

Case No.:  3:19-cv-01830-WQH-KSC

12

Plaintiff,

**ORDER**

13

v.

14
15
16
17

DANIEL CHAVEZ; ALIANZA MARCAS E IMAGEN, S.A. De C.V. DBA GRUPO VIDANTA, ALFREDO NEGRETE GONZALES, and DOES 1-100, inclusive,

18

Defendants.

19

HAYES, Judge:

20

The matter pending before the Court is the Ex Parte Motion for an Order Permitting

21
22

Service of Process by Email as to Defendants Alianza Marcas E Imagen S.A. de C.V. dba

Grupo Vidanta and Alfredo Negrete Gonzales filed by Plaintiff TI, Limited.  (ECF No. 24).

23

**I.   PROCEDURAL BACKGROUND**

24

On July 1, 2019, Plaintiff TI, Limited commenced this action by filing a Complaint

25
26

in the Superior Court of California for the County of San Diego, assigned case number 37-

2019-00034144-CU-BC-CTL, against Defendant Grupo Vidanta and Defendant Chavez.

27

(ECF No. 1-2 at 2).

28

1

1    On September 23, 2019, Defendant Chavez removed the action to this Court

2 pursuant to 28 U.S.C. § 1332, diversity jurisdiction, 28 U.S.C. § 1441(b), and 28 U.S.C. §

3 1446.  (ECF No. 1 at 1-3).

4    On September 30, 2019, Defendant Chavez filed a Motion to Dismiss.  (ECF No. 3).

5 On October 21, 2019, Plaintiff filed an Amended Complaint, which is the operative

6 pleading in this case.  (ECF No. 4).  On October 22, 2019, summons was issued as to the

7 Amended Complaint.  (ECF No. 5).  On October 28, 2019, this Court issued an Order

8 denying Defendant Chavez's Motion to Dismiss as moot.  (ECF No. 6).

9    On November 4, 2019, Defendant Chavez filed a Motion to Dismiss the Amended

10 Complaint.  (ECF No. 7).  On March 3, 2020, Plaintiff filed proof of service of summons

11 and proof of service of the Amended Complaint as to Defendant Chavez.  (ECF No. 15).

12 On March 12, 2020, Defendant Chavez filed a Supplemental Motion to Dismiss.  (ECF

13 No. 17).  On April 20, 2020, the Court denied the Motion to Dismiss (ECF No. 7) and

14 Supplemental Motion to Dismiss (ECF No. 17) filed by Defendant Chavez.  (ECF No. 21).

15    On May 22, 2020, Plaintiff filed an Ex Parte Motion for an Order Permitting Service

16 of Process by Email as to Defendants Alianza Marcas E Imagen S.A. de C.V. dba Grupo

17 Vidanta ("Vidanta") and Alfredo Negrete Gonzales.  (ECF No. 24).

18 **II.    DISCUSSION**

19    Plaintiff requests an order permitting Plaintiff "to serve its summons and first

20 amended complaint … on two Mexican defendants, neither of which has a known presence

21 in the USA, by email." *Id*. at 2 (emphasis omitted).  Plaintiff asserts that Defendant Vidanta

22 is "a Mexican entity headquartered and doing business in Mexico …." *Id*.  Plaintiff asserts

23 that Defendant Gonzales is "a Mexican individual citizen residing in Mexico and affiliated

24 with [Defendant] Vidanta." *Id*.  Plaintiff asserts that service of process cannot be

25 accomplished by alternative means because Defendants Vidanta and Gonzales are Mexican

26 citizens with no presence, headquarters, or domicile in the United States.  Plaintiff contends

27 that the Hague Convention does not prohibit service of process by email.  Plaintiff asserts

28 that Mexico has not expressly objected to service of process by email.  Plaintiff contends

1  that service by email comports with constitutional notions of due process because service

2  directed to the email address of a high-ranking official of Defendant Vidanta and the email

3  address of Defendant Gonzales will provide actual notice of this lawsuit to Defendants

4  Vidanta and Gonzales.

5      Plaintiff bears the burden of effectuating proof of service.  *See Butcher's Union*

6  *Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538

7  (9th Cir. 1986).  To meet the due process requirement, "the method of service crafted by

8  the district court must be reasonably calculated, under all the circumstances, to apprise

9  interested parties of the pendency of the action and afford them an opportunity to present

10  their objections."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.

11  2002) (internal quotation marks and citation omitted).

12      Federal Rule of Civil Procedure 4(f) states that

13  (f) Serving an Individual in a Foreign Country. Unless federal law provides
14  otherwise, an individual--other than a minor, an incompetent person, or a
    person whose waiver has been filed--may be served at a place not within any
15  judicial district of the United States:

16      (1) by any internationally agreed means of service that is reasonably
        calculated to give notice, such as those authorized by the Hague
17      Convention on the Service Abroad of Judicial and Extrajudicial
        Documents;
18      (2) if there is no internationally agreed means, or if an international
19      agreement allows but does not specify other means, by a method that is
        reasonably calculated to give notice:
20          (A) as prescribed by the foreign country's law for service in that
21          country in an action in its courts of general jurisdiction;
            (B) as the foreign authority directs in response to a letter rogatory
22          or letter of request; or
23          (C) unless prohibited by the foreign country's law, by:
24              (i) delivering a copy of the summons and of the complaint
                to the individual personally; or
25              (ii) using any form of mail that the clerk addresses and
                sends to the individual and that requires a signed receipt;
26              or
27      (3) by other means not prohibited by international agreement, as the
        court orders.
28

1

2   Fed. R. Civ. P. 4(f).  Federal Rule of Civil Procedure 4(h) states that

3       (h) Serving a Corporation, Partnership, or Association. Unless federal law
        provides otherwise or the defendant's waiver has been filed, a domestic or
4       foreign corporation, or a partnership or other unincorporated association that
        is subject to suit under a common name, must be served:
5       (1) in a judicial district of the United States:
6       (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
        (B) by delivering a copy of the summons and of the complaint to an officer, a
7       managing or general agent, or any other agent authorized by appointment or
8       by law to receive service of process and--if the agent is one authorized by
        statute and the statute so requires--by also mailing a copy of each to the
9       defendant; or
10      (2) at a place not within any judicial district of the United States, in any
        manner prescribed by Rule 4(f) for serving an individual, except personal
11      delivery under (f)(2)(C)(i).

12

13  Fed. R. Civ. P. 4(h).  Service under Rule 4(f)(3) must be (1) directed by the court; (2) not

14  prohibited by international agreement; and (3) comport with constitutional notions of due

15  process.  *See Rio Props., Inc.*, 284 F.3d at 1014-16.

16      Plaintiff states in a sworn declaration that

17      Although the [Amended Complaint] alleges that [Defendant] Vidanta has a
        United States presence, subsequent inquiry indicates that [Defendant] Vidanta
18      does not have a United States presence or address at which it could be served
        with process issued by this Court. [Defendant] Gonzales is not known to have
19      any United States presence or address at which he could be served with
20      process.

21
    Sussman Decl. ¶ 4, ECF No. 24-1 at 7.  Plaintiff further states that
22
        Article 10 of the Hague Convention states that "[p]rovided the State of
23      destination does not object," the Hague Convention "shall not interfere with"
        service of process by means of "postal channels."  The Hague Convention,
24      however, is silent as to service of process by email.
25
        Attached as Exhibit "2" are true and correct copies of relevant portions of
26      *Treaties and international agreements registered or filed and recorded with*
        *the Secretariat of the United Nations* (2003), 2117 U.T. 319-322, which
27      indicate in Spanish and English that Mexico has objected to Article 10 of the
28

4

1
2

Hague Convention. Nothing in the objection mentions service of process by email, which also is not mentioned in Article 10 itself.

3

Id. ¶¶ 6-7, ECF No. 24-1 at 8.  Plaintiff further states that Defendants

4
5
6

Vidanta and Gonzales can be readily and expeditiously served with process in this lawsuit by means of delivery by email to the known email addresses … of [Defendant] Gonzales and another high-ranking [Defendant] Vidanta official, Mr. Olivas.

7

Id. ¶ 9, ECF No. 24-1 at 9.

8

Plaintiff states in a sworn declaration that

9
10
11
12
13
14

During the times alleged in the operative [ ] Amended Complaint …, including from and after 2016, from time to time I on behalf of [Plaintiff] communicated with [D]efendant … Gonzales [ ] and his employer, [Defendant] Alianza Marcas E Imagen, S.A., de C.V., dba Grupo Vidanta [ ] by emailed at: alfredonegrete@grupovidanta.com, the email address which he provided to me. [Defendant] Gonzales was [Defendant] Vidanta's Director of Information Technology and Director of Revenue Management -- the titles which he always identified himself to me.

15
16
17
18

During the same times I on behalf of [Plaintiff] communicated with Carlos Olivas [ ], who represented to me that he was [Defendant] Vidanta's Head IT Business Analytics Manager, by email at carlosolivas@grupovidanta.com, the email address which he provided to me.

19
20
21

Typically, when I sent emails to [Defendant] Gonzales and/or Olivas directed to those email addresses I would receive responses from them, with the responses indicating on their face that they had been sent from those email addresses, each of which is connected with the grupovidanta.com URL.

22
23
24
25
26

Since the relationships between [Plaintiff], on the one hand, and [Defendant] Gonzales and [Defendant] Vidanta, on the other hand, ended as alleged in the [Amended Complaint], I have not been apprised of any information indicating that their [Defendant] Gonzales, Olivas, or [Defendant] Vidanta no longer use these email addresses, or that either of them is not still affiliated with [Defendant] Vidanta in their above-identified positions.

27

Daniels Decl. ¶¶ 3-6, ECF No. 24-2 at 1-2.

28

Plaintiff states in a sworn declaration that

3:19-cv-01830-WQH-KSC

1
2
3
4
5
6

> During the times alleged in the operative [ ] Amended Complaint …, including from and after 2016, from time to time I on behalf of [Plaintiff] communicated from time to time with [D]efendant … Gonzales [ ] and his employer, [Defendant] Alianza Marcas E Imagen, S.A., de C.V., dba Grupo Vidanta [ ] by emailed at: alfredonegrete@grupovidanta.com, the email address which he provided to me. [Defendant] Gonzales was [Defendant] Vidanta's Director of Information Technology and Director of Revenue Management -- the titles which he always identified himself to me.

7
8
9

> During the same times I on behalf of [Plaintiff] communicated with Carlos Daniel Olivas Barba [ ], who represented to me that he was [Defendant] Vidanta's Head IT Business Analytics Manager, by email at carlosolivas@grupovidanta.com, the email address which he provided to me.

10
11
12
13

> Typically, when I sent emails to [Defendant] Gonzales and/or Olivas directed to those email addresses I would receive responses from them, with the responses indicating on their face that they had been sent from those email addresses, each of which is connected with the grupovidanta.com URL.

14
15
16
17

> Since the relationships between [Plaintiff], on the one hand, and [Defendant] Gonzales and [Defendant] Vidanta, on the other hand, ended as alleged in the [Amended Complaint], I have not been apprised of any information indicating that either [Defendant] Gonzales or Olivas no longer use these email addresses, or that either of them is not still affiliated with [Defendant] Vidanta in their above-identified positions.

18

Gamez Decl. ¶¶ 3-6, ECF No. 24-2 at 1-2.

19
20
21
22
23
24
25
26
27
28

The Court finds that Plaintiff has been reasonably diligent in seeking to locate Defendants Vidanta and Gonzales, that service on Defendants Vidanta and Gonzales by means of email is not prohibited by international agreement, and that service by delivering the summons and Amended Complaint to Defendants' last known valid email address is "reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (internal quotation marks and citation omitted); *see e.g., United States v. Distribuidora Batiz CGH, S.A. de C.V.*, No. 07cv370-WQH-JMA, 2010 WL 4569895, at *4 (S.D. Cal. Nov. 3, 2010) ("[T]he Court finds that Plaintiff has been

3:19-cv-01830-WQH-KSC

reasonably diligent in seeking to serve the thirteen unserved Defendants…. Plaintiff has demonstrated that service of the thirteen unserved Defendants by delivering the Summons and Complaint via certified mail to Parker, their attorney of record, is not prohibited by international agreement and is 'reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections.'"); *Liberty Media Holdings, LLC v. Mar.*, No. 10cv1809 WQH (BLM), 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011) ("[T]he Court finds that Plaintiff has been reasonably diligent in seeking to locate the unserved Defendants, the record adequately demonstrates that service on Defendants Ryoichi Watanabe, Jason Phillips, David Smith, and Adrush Media by means of email is not prohibited by international agreement, and service by delivering the summons and Complaint to Defendants' last known valid email address is 'reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections.'"); *see also Liberty Media Holdings, LLC v. Mar.*, No. 10cv1809 WQH (BLM), 2010 WL 5349853, at *2 (S.D. Cal. Dec. 20, 2010) ("Plaintiff states that it is 'unaware' of any international agreement which prohibit service via email on the Defendants. The Court finds that at th[i]s [sic] stage in the proceedings, the record does not adequately demonstrate that service on Defendants via email is not prohibited by international agreement.")

## III.   CONCLUSION

IT IS HEREBY ORDERED that the Ex Parte Motion for an Order Permitting Service of Process by Email as to Defendants Alianza Marcas E Imagen S.A. de C.V. dba Grupo Vidanta and Alfredo Negrete Gonzales filed by Plaintiff TI, Limited (ECF No. 24) is GRANTED. Plaintiff may effectuate service by delivering the summons and Amended Complaint to Defendants Alianza Marcas E Imagen S.A. de C.V. dba Grupo Vidanta and Alfredo Negrete Gonzales' last known valid email address.

Dated: June 18, 2020

Hon. William Q. Hayes
United States District Court

3:19-cv-01830-WQH-KSC